(No. 21570.—

Emily Armour, Defendant in Error, *vs.* The Pennsylvania Railroad Company, Plaintiff in Error.

*Opinion filed October 21, 1933.*

576

ORR, C. J., dissenting.

LOESCH, SCOFIELD, LOESCH & BURKE, for plaintiff in error.

JOSEPH D. RYAN, and LOUIS P. MILLER, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Emily Armour brought an action of trespass on the case in the superior court of Cook county against the Pennsylvania Railroad Company, a corporation, to recover damages for personal injuries. The jury found the defendant guilty and assessed the plaintiff's damages at the sum of six thousand dollars. Motions for a new trial and in arrest of judgment were made and denied and judgment was rendered on the verdict. The defendant prosecuted an appeal to the Appellate Court for the First District and that court affirmed the judgment. Upon the railroad company's petition, this court granted a writ of *certiorari* and as a return to that writ, the record is submitted for a further review.

Roy W. Armour, accompanied by Emily Armour, his wife, on the evening of November 26, 1927, about 8:30

o'clock, drove an automobile east on Seventy-ninth street at Western avenue in the city of Chicago. About two blocks east of the latter street two tracks of the Baltimore and Ohio Chicago Terminal Railroad Company and farther east two tracks of the Pennsylvania Railroad Company cross Seventy-ninth street. The space between the tracks of the two railroad companies is approximately eighty-four feet. Between Western avenue and the Pennsylvania railroad tracks and immediately south of Seventy-ninth street are two shanties each about six and one-half or seven feet square, one west of the Baltimore and Ohio Chicago Terminal railroad tracks and the other between and equi-distant from the two sets of railroad tracks. The first shanty is used as a telegraph office and the second affords shelter to the street or crossing flagman employed by the two railroad companies. Seventy-ninth street is a main thoroughfare and street cars are operated upon it. For nearly two thousand feet to the south of Seventy-ninth street neither tree nor building, save the two shanties, obstructs the view from Western avenue to the Pennsylvania railroad tracks.

The testimony of the defendant in error and her husband is that he stopped the automobile in which they were riding before they crossed the Baltimore and Ohio Chicago Terminal railroad tracks; that as they proceeded the crossing flagman stood near his shanty and his red lantern was on the ground; that just before reaching the Pennsylvania railroad tracks the defendant in error discovered a freight train approaching from the south; that she warned her husband and he immediately turned the automobile to the left and applied the brakes; that the right side of the automobile was damaged, and that she, in consequence, was injured. They further testified that the freight train was running at a speed of thirty-five or forty miles an hour and that they had often driven over the same crossing.

Plaintiff in error called as witnesses the crossing flagman, the members of the crew which operated the freight

train, and an engineer, a conductor and two police officers employed by the Baltimore and Ohio Chicago Terminal Railroad Company. Of these witnesses, nine in number, several testified that the automobile was driven across the first two tracks at a speed of thirty miles an hour; that the flagman stood in the street swinging his red lantern to give warning of an approaching train; that the driver not only disregarded the signal but compelled the flagman to jump aside to avoid injury, and that the automobile continued at undiminished speed until it ran into the side of the locomotive of the moving freight train. Nearly all of the defendant's witnesses testified that, as the freight train approached Seventy-ninth street, the whistle of the locomotive was sounded; that the headlight was burning and the bell ringing, and that the train was running at a speed of twenty-five or thirty miles an hour.

The return of the verdict was followed by the defendant's written motion setting forth sixteen grounds upon which a new trial was asked. The motion was denied and the defendant took an exception to the court's ruling. The motion, the court's order thereon and the defendant's exception thereto were incorporated in the bill of exceptions. Sixteen errors, identical with the grounds stated in the motion for a new trial, were assigned upon the record in the Appellate Court. Of these specifications, the first and second were that the verdict was against the evidence, and against the weight of the evidence, and the ninth and tenth, that the trial court erred, at the close of all the evidence, in overruling the defendant's motion to instruct, and in refusing to instruct, the jury to find the defendant not guilty. No error, however, was assigned upon the denial of the motion for a new trial.

The Appellate Court did not consider the first, second, ninth and tenth errors assigned. Accordingly, the plaintiff in error makes two contentions for the reversal of that court's judgment, first, that the assignment of errors having specified all the grounds set forth in the motion for a

new trial, the Appellate Court erred in deciding that the defendant's failure to assign as error, the trial court's denial of the motion for a new trial, precluded the reviewing court from considering the evidence to determine whether the verdict was against the weight of the evidence; and second, that the Appellate Court failed to decide whether, as a matter of law, the defendant in error was guilty of contributory negligence, and whether, immediately prior to and at the time of the accident, she exercised due care and caution for her own safety.

Section 83 of the Practice act provides that "Exceptions taken to decisions of the court overruling motions in arrest of judgment, motions for new trials, motions to amend and for continuances of causes, shall be allowed, and the party excepting may assign for error any decision so excepted to." (Cahill's Stat. 1931, p. 2183; Smith's Stat. 1931, p. 2208). It often has been said that, if it is desired to save for review the question of the sufficiency of the evidence to sustain the jury's verdict, the defeated party must make a motion for a new trial and, upon the denial of the motion, except to the ruling, and thereafter include in the bill of exceptions, not only the evidence but also the motion, the ruling and the exception. (*Yarber* v. *Chicago and Alton Railway Co.* 235 Ill. 589; *Illinois Central Railroad Co.* v. *O'Keefe,* 154 id. 508; *Law* v. *Fletcher,* 84 id. 45; *Reichwald* v. *Gaylord,* 73 id. 503). By section 81 of the Practice act, as amended in 1911, however, the incorporation of formal exceptions in the record to preserve the rulings of the trial court for review was made unnecessary. *Miller* v. *Anderson,* 269 Ill. 608; *City of Lewistown* v. *Harrison,* 282 id. 461; *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co.* v. *Chicago City Railway Co.* 300 id. 162; *People* v. *Upson,* 338 id. 145.

An assignment of errors in appellate procedure is an enumeration by the appellant or plaintiff in error of the errors alleged to have been committed by the court below

in the trial of the case upon which he seeks to obtain a reversal of the judgment or decree. It is in the nature of a pleading, and it performs in the appellate court the same office as a declaration or complaint in a court of original jurisdiction. (3 Corpus Juris, sec. 1461, pp. 1328, 1329; *Cass* v. *Duncan,* 260 Ill. 228; *Village of East Peoria* v. *Lake Erie and Western Railroad Co.* 237 id. 93; *Scott* v. *Great Western Coal and Coke Co.* 223 id. 271; *Ditch* v. *Sennott,* 116 id. 288). An assignment of errors is not a mere matter of form that may be waived or dispensed with by the agreement of the parties; but it is essential to a review of the cause and in its absence the appeal or writ of error will be dismissed. (*Village of East Peoria* v. *Lake Erie and Western Railroad Co.* 237 Ill. 93; *Morrison* v. *Austin State Bank,* 213 id. 472; *Ætna Life Ins. Co.* v. *Sanford,* 197 id. 310; *Ditch* v. *Sennott,* 116 id. 288). An assignment of error that the trial court erred in overruling the motion for a new trial raises the question of the sufficiency of the evidence to sustain the verdict. (*Chicago and Alton Railroad Co.* v. *Heinrich,* 157 Ill. 388; *Ottawa, Oswego and Fox River Valley Railroad Co.* v. *McMath,* 91 id. 104; *Indianapolis, Bloomington and Western Railway Co.* v. *Rhodes,* 76 id. 285; *Chicago and Rock Island Railroad Co.* v. *Northern Illinois Coal and Iron Co.* 36 id. 60). It does not follow, however, that this question must be presented to the court of review by the charge or specification that the court erred in denying the motion for a new trial or by any other reference to that motion. This court never has declared that the denial of the motion for a new trial must be included in the assignment of errors regardless of any other form of statement in order that the court of review may consider the question of the sufficiency of the evidence to sustain the verdict.

The bill of exceptions in this case shows that the plaintiff in error made a motion for a new trial and that the motion was denied. Two of the grounds specified in the

motion were that the verdict was against the evidence and against the weight of the evidence. The motion was overruled, an exception was taken to the ruling, and the motion and all the subsequent proceedings respecting it were incorporated in the bill of exceptions. All the grounds stated in the motion for a new trial were assigned as errors in the Appellate Court, but error was not assigned upon the trial court's denial of the motion for a new trial. The specific assignment as errors on the record in the Appellate Court of all the grounds stated in the motion for a new trial necessarily presented for the consideration of that court the question whether the verdict was against the evidence or the weight of the evidence. As was said in *Miami Copper Co.* v. *Strohl,* 14 Ariz. 410, at page 415: "It would be a somewhat harsh and technical rule to hold that, where the Appellate Court and the opposing counsel are fully advised of the errors relied upon for a reversal by a separate, specific and distinct statement of each ground of the motion for a new trial relied upon in the assignment, the failure formally to make the general assignment that the court erred in overruling the motion for a new trial precludes this court from a consideration of such alleged errors." Two of the errors specifically assigned, namely, that the verdict was against the evidence and against the weight of the evidence, fully informed the Appellate Court and the opposing counsel that the insufficiency of the evidence to sustain the verdict was one of the grounds upon which a reversal of the judgment was sought. To entitle the plaintiff in error to a consideration of that question, an additional general charge or item in the assignment of errors that the trial court erred in denying the motion for a new trial was therefore unnecessary.

The contention that the Appellate Court should have decided whether, as a matter of law, the defendant in error was guilty of contributory negligence, and whether immediately prior to and at the time of the accident she exer-

cised due care and caution for her own safety must be sustained. These questions were presented for consideration and decision by the ninth and tenth specifications of the assignment of errors and the brief and argument of the plaintiff in error in support of them. The questions so presented were available to the plaintiff in error in the Appellate Court notwithstanding the omission to assign error upon the denial of the motion for a new trial. *Yarber* v. *Chicago and Alton Railway Co.* 235 Ill. 589.

The judgment of the Appellate Court is reversed and the cause is remanded to that court with directions to consider the merits of the case upon the errors assigned.

*Reversed and remanded, with directions.*

Mr. CHIEF JUSTICE ORR, dissenting.