Elmira Swain, Appellee, v. William Hoberg, Appellant.

Gen. No. 8,924.

204

Opinion filed July 6, 1935.

OSCAR W. HOBERG, of Peru, and ARTHUR H. SHAY, for appellant.

HOLLERICH & HURLEY, of La Salle, and H. L. RICHOLSON, of Ottawa, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This was an action brought by appellee against appellant to recover damages for personal injuries sustained in a collision between an automobile in which appellee was riding and an automobile owned by appellant. The cause was tried by jury, which returned a verdict for $4,000 in favor of appellee. Judgment was entered upon the verdict, and appellant prosecutes this appeal from such judgment.

The evidence in the case is not in dispute. Appellant was the owner of the automobile in question that collided with the one in which appellee was riding. Appellant's family consisted of his wife, a son 19 years of age, and himself. Appellant bought the automobile in May, 1928. The accident happened on August 1, 1930. Neither appellant nor his wife could drive the car. Their son lived with them, and he drove the car. Appellant was 51 years old. He had lived in Peru for 49 years. He was foreman of a machine shop located in said city, which position he had held for the last 18 years. His hours of work were from 7:00 a. m. until 4:30 p. m. Appellant's son was employed at the West-

ern Clock Company. His hours of employment were from 7:30 a. m. to 4:30 p. m. Appellant and his son were both working on the day of the accident, and appellant knew nothing of the accident until upon his return home from work. It was the usual habit and custom of appellant and his son to walk to work. They did not use appellant's car for the purpose of going to their places of employment. During the daytime, while appellant and his son were at work, the car was left in appellant's garage at his residence. On the day of the accident, appellant and his son went to work as usual, except that appellant rode to his place of employment at the Peru Wheel Company with one Dale Pitzer, who worked at the same place as appellant. Appellant states that when he left his residence that morning to go to work, his automobile was in the garage; that he did not know that any person was to take the car from the garage or use it in any way on that day; and that he did not instruct any person to take or use the car for any purpose that day.

The facts disclose that on the afternoon of the day of the accident, appellant's wife went to a party, and that her cousin, Alberta Pitzer, took her to the party in appellant's car. The evidence is conclusive that appellant did not know his wife was going to the party, or that Alberta Pitzer was going to drive his car, until upon his return from work that afternoon after the accident. This is the first time that appellant ever knew Alberta Pitzer to drive his car. She had lived in his home for about three months in the fall of 1929. She did not drive the car during any of that time so far as appellant knew.

Appellant filed special pleas denying operation and control of the car at the time of the accident and denying operation and control thereof at such time by any agent, servant or employee. The burden was upon ap-

pellee, under the pleas, to establish agency. The family purpose doctrine is not in force in this State, and the fact that the owner of an automobile keeps the same for the convenience of his family and is aware that certain members of his family may use the same for their pleasure and convenience, does not of itself establish agency. *Andersen v. Byrnes,* 344 Ill. 240; *White v. Seitz,* 342 Ill. 266; *Arkin v. Page,* 287 Ill. 420. Mere permission or lack of objections by the owner of an automobile, to another's use thereof for their own pleasure and convenience, when the same is not connected in any way with the business of the owner, does not establish agency. *Arkin v. Page, supra; Stumpf v. Montgomery,* 101 Okla. 257, 32 A. L. R. 1490; *Landry v. Richmond,* 45 R. I. 504, 32 A. L. R. 1500. The most that can be said in this case is that appellant owned an automobile for the pleasure of his family; that during his absence and without his knowledge, his wife desired to use the car for her own convenience; that her cousin drove the car for her upon a mission peculiar to her personal desires; and while so in the use of said automobile, this accident occurred.

Appellee's husband in company with Mr. Krueger and with Miss Roseberry, who was driving the car in which appellee was riding, went to appellant's home to talk with him about the accident. These parties testified that appellant stated he was the owner of the car; that the members of his family had his consent to use it; that it was agreeable with him for Alberta Pitzer to have used it; and that he said, "I will back her up in anything she says or does." This, in substance, constituted appellee's proof of agency. Appellant knew nothing about the party or the use of his car until after the accident and his return from work. The fact that he raised no objections to the use of his car in the manner in which it was used is insufficient to establish agency. The proof does not establish the

fact that appellant had given any instructions to anyone to use his car for any purpose on that day. On the contrary, it discloses that he had no notice or knowledge of such use thereof until as above stated.

Other objections are raised by appellant with reference to certain instructions given for appellee with respect to the assumption of agency and the rule of damages; and to certain instructions of appellant which the court modified. A consideration of these objections raised by appellant, and the other errors assigned, is not deemed necessary for the disposition of this case. Furthermore, they are such as are not likely to again occur.

We are of the opinion that the evidence herein fails to establish agency as required under the rule in this State. The judgment of the circuit court is therefore reversed and this cause remanded.

*Reversed and remanded.*