Elmira Swain, Appellee, v. William Hoberg, Appellant.

Gen. No. 9,707.

Dove, J., dissenting.

October term, 1941. Heard in this court at the Opinion filed January 14, 1942.

Arthur H. Shay. and Courtney Arthur, both of Streator, for appellant.

Hollerich & Hurley, of La Salle, and H. L. Richolson, of Ottawa, for appellee.

Mr. Presiding Justice Huffman delivered the opinion of the court.

This case was previously before this court and reported in 281 Ill. App. 203. Appellee in that case is the appellee in this appeal. The action arose out of a collision between an automobile in which appellee was riding and an automobile owned by appellant which at

the time was being operated by a cousin of appellant's wife. On the former appeal, the judgment was reversed and the cause remanded on the ground the agency between appellant and the person operating his car was not established. That being the first consideration, the question of negligence of the respective parties was not considered.

Upon this appeal, appellant makes no assignment of errors relied upon for reversal. Subsequent to the time the case had been reached on call and assigned for opinion, appellee filed her motion to dismiss the appeal on the ground that appellant had made no assignment of errors as required by the rules. Appellant thereafter filed his countermotion, setting up among other things that appellee's motion came too late and could not be considered, because not filed until after the case had been reached on call and taken under advisement by the court for opinion. Appellant further urged that the statement of facts in his brief constituted a reasonable compliance with the rules; that appellee by filing her brief admitted the appellant's brief was sufficient; and that an assignment of errors was not jurisdictional. Appellant asks that in the event the court should determine that he should make a statement of the errors relied upon for reversal, he be given leave to reprint his brief and argument with such assignment incorporated therein, and file same within a short day to be fixed by the court.

Under the former Practice Act, the Supreme Court in the case of *Armour v. Pennsylvania R. Co.,* 353 Ill. 575, at page 580 of the opinion, in speaking of the necessity for an assignment of errors, uses the following language: ''An assignment of errors is not a mere matter of form that may be waived or dispensed with by the agreement of the parties; but it is essential to a review of the cause and in its absence the appeal or writ of error will be dismissed.'' The same court in discussing this question under the present Practice Act, in the case of *Gyure v. Sloan Valve Co.,* 367 Ill.

489, at page 492, uses the following language: "Under the former Practice act it was necessary that the assignment of errors be written upon or attached to the record. Such assignment performed the same office as a declaration in a court of original jurisdiction, and it was equally essential to form an issue in the reviewing court. The requirement was not a mere matter of form, but was one of substance. A failure to comply with it necessitated a dismissal of the appeal. . . . *This requirement was eliminated by rule 36, leaving the stated provision of rule 39 as the only method of presenting an issue to a reviewing court. The importance of complying with the requirement is obvious, since without doing so an appeal is in the same condition as it would have been under the former act if no errors were assigned on the record.*"

Appellant's brief under the title "Statement of Facts," sets out the charges contained in the several counts of the complaint; the pleas filed thereto; a short statement of the facts in the case, which is followed by reference to the verdict returned, motions by appellant, and the judgment rendered by the court. We find no statement of errors relied upon for reversal at the conclusion of the statement of the case, nor do we find embodied therein a statement of errors which the appellant seeks to urge for reversal.

Rule 39 of the rules of practice and procedure provides that the concluding subdivision of the statement of the case shall be a brief statement of the errors or cross errors relied upon for reversal. This shall be followed by the propositions of law and the authorities in support thereof. These two provisions clearly indicate that the errors and cross errors relied upon for reversal, should appear in a definite and distinct manner so that a reviewing court may know of what the appealing party complains.

With respect to rules of practice and procedure, it is often not so important which way a rule is, as it is

important that there shall be a rule that is definite, positive, and clearly understood, so that it can be followed safely and without question. The rules regarding the preparation of briefs are neither oppressive nor technical. They are general in character, conducive to good practice and should be generally observed. A court of review will not constitute itself an agency of appellant to search the record for the purpose of discovering errors.

As individuals, there is an impulse to permit each litigant to be heard upon appeal, but the individuals are not the court. *Department of Public Works & Buildings v. Legg*, 374 Ill. 306, 308 *et seq.* Courts are legal entities, established for governmental purposes, and have a separate existence distinct from the individuals who preside over them. Rules of court are as much for the observance of the individuals performing the work of the court as they are for those who seek to bring their cases before the court for review. Otherwise, there could be no stability to the practice. The general rule has been recently announced in *Department of Finance v. Bode*, 376 Ill. 374, at page 376, as follows: "Rules of court are adopted to promote the work of the court and have the force of law."

The above question has never ceased to be a troublesome one, and it should be settled either by direct holding of the Supreme Court or if necessary, by amendment to the rule. It must be assumed that the rule was promulgated for some purpose. As we construe it with reference to the point involved, the purpose was to require an appellant to set out or indicate at the conclusion of the statement of the case, what ground or grounds he wished to urge for reversal. A court of review should be entitled to be apprised wherein error is claimed to exist.

The motions of appellee and appellant came too late for the consideration of the court. The court cannot forego the rule in this case without accepting a posi-

tion where it would be equally bound to forego the rule in every similar case. Such would nullify the rule and serve to obviate the necessity of any reference to errors relied upon for reversal being made by an appellant. This would produce an intolerable situation.

For the foregoing reasons, the appeal herein is dismissed.

*Appeal dismissed.*

Mr. Justice Dove dissenting:

Rule 39 of the Supreme Court provides that appellant shall file a short and clear statement of the case, showing, first, the nature of the action; second, the nature of the pleadings sufficiently to show what the issues were, and to present any question subject to review arising on the pleadings; third, in cases depending upon the evidence, the leading facts which the evidence proved or tended to prove, without quotation of evidence, discussion or argument and without detail but with appropriate references to the abstract, and fourth, how the issues were decided upon the trial and what the judgment was. "The concluding subdivision of the statement of the case shall be a brief statement of the errors or cross errors relied upon for a reversal. . . ." In the instant case, the brief and argument of appellant began with an appropriate designation of this court, the term to which the case was brought, the title of the cause followed by the words in bold-faced capital letters,

## "BRIEF AND ARGUMENT FOR DEFENDANT-APPELLANT.

## STATEMENT OF FACTS."

Then follows a clear and concise statement that this was an action instituted by the plaintiff against the defendant in the circuit court of LaSalle county, Illinois to recover damages for personal injuries sustained by

the plaintiff in an automobile accident which occurred at the intersection of Fifth and Plum streets in Peru, Illinois on August 1, 1930. This is followed by a statement that the original declaration consisted of five counts and that later an additional count was filed, then under separate paragraphs with a heading in bold-faced capital letters, the allegations of each count and the additional count are briefly and concisely stated. This is followed by the word "Pleas" in like bold-faced capital letters at the top of page 4, and under this heading it is noted that the accident happened and the suit instituted prior to the enactment of the Civil Practice Act and that the general issue was filed and also a special plea averring that at the time of the accident the automobile involved therein was not in the possession or under the control of the defendant or of any of his servants, agents or employees, that he, the defendant, was not using or operating it, that he had not loaned it to the person who was driving it, and that it was not then being driven or operated with his permission, knowledge or consent. It appears from another paragraph following this heading, that this case was previously before this court and reported in 281 Ill. App. 203. This is followed by the word "Facts" in bold-faced capital letters, and under this heading, the leading facts, which the evidence tended to prove but without quotation, discussion or argument and without detail, but with appropriate reference to the abstract, are stated. The three concluding paragraphs of this statement are as follows, *viz:*

"At the close of all the evidence for plaintiff, the defendant moved the Court to instruct the jury that under the evidence plaintiff was not entitled to recover under the first count of the declaration and tendered therewith an appropriate instruction and made a similar motion and tendered a similar instruction as to each other count, including the additional count. The Court allowed the motion and gave the instruction as

to the fourth count but denied all the other motions and marked the accompanying instructions refused. The defendant then moved the Court to exclude the evidence and to instruct the jury to find the defendant not guilty and tendered an appropriate instruction. The Court denied the motion and refused to give the instruction.

"At the close of all the evidence in the case, the defendant renewed each of the foregoing motions except as to the fourth count of the declaration, and tendered an appropriate instruction with each motion. The Court took these motions under advisement until after the verdict and then denied all the motions and marked all the instructions 'refused.'

"The jury found the defendant guilty and assessed plaintiff's damages at $4,000.00. Thereupon the defendant moved the Court for judgment finding the defendant not guilty notwithstanding the verdict and filed his points in support thereof in writing, which motion the Court denied. The defendant moved the Court to set aside the verdict and for a new trial and filed his points in support thereof in writing, which motion the Court denied. The defendant then moved the Court in arrest of judgment, which motion the Court denied. Thereupon the Court entered judgment for plaintiff against defendant for $4,243.00 and costs, including in the judgment interest to the amount of $243.00 at 5% since the date of the verdict. The defendant has perfected his appeal to this Court from that judgment."

Following this appears the brief with appropriate headings and citations, and this is followed by an argument consisting of 15 pages with 9 subdivisions captioned in bold-faced letters, as follows:

"There is no evidence in the record to support the allegation in the declaration that the defendant's automobile was being operated at the time of the

accident by a servant or agent of the defendant.''
(Page 11 of Brief and Argument.)

''The relation of master and servant is not established
by the mere fact that the purpose for which the de-
fendant purchased the automobile was the pleasure
of the family and that he permitted his wife to use it
for her own pleasure or that he permitted Alberta
Pitzer to use it for his wife's pleasure.'' (Page 12
of Brief and Argument.)

''There is no evidence in the record that Alberta Pitzer
was an incompetent, unskillful or reckless driver of
an automobile and none that the defendant knew she
was.'' (Page 16 of Brief and Argument.)

''There is no evidence in the record that the Hoberg
automobile was being driven at a high and danger-
ous rate of speed.'' (Page 18 of Brief and Argu-
ment.)

''The credible evidence in the record shows there was
no collision.'' (Page 19 of Brief and Argument.)

''It was error for the Court to instruct the jury that
plaintiff might recover without requiring it to give
any consideration to the negligence of Mabel Rose-
berry.'' (Page 20 of Brief and Argument.)

''The evidence shows that the driver of the defendant's
car was not guilty of negligence.'' (Page 21 of Brief
and Argument.)

''The accident was caused solely by the careless driv-
ing by Mabel Roseberry of the car in which plaintiff
was riding.'' (Page 23 of Brief and Argument.)

"The judgment is grossly excessive." (Page 24 of Brief and Argument.)

Under each of these headings, counsel's argument in support of each designated proposition follows and where reference is made to the evidence and where the evidence is commented upon the page of the abstract where the evidence is found is referred to. The holdings in the cases cited in the brief are also called to the attention of the court and counsel sought to apply the law of those cases to the facts as counsel contend the facts are in this case.

The record in this case discloses that appellant filed his notice of appeal and had a transcript of record prepared and filed the same in this court, together with his printed abstract, all according to the provisions of the Practice Act and the applicable rules of court. His counsel then prepared a statement, brief, and argument and served opposite counsel with copies thereof, and filed the same herein on July 26, 1941, as provided by the rules. Appellee joined in error and filed her brief and argument on October 1, 1941, in which she sought to meet the alleged errors relied upon by appellant, commented upon the authorities he cited, endeavored to distinguish the facts in this case from the facts in those cases, and presented her argument why the judgment should be sustained. Thereafter, and on October 7, 1941 a reply brief was filed by counsel for appellant, and the following day this cause was reached upon the call of the docket and argued orally by counsel for both appellant and appellee, and the cause was by this court taken under advisement upon the written briefs and the oral argument of counsel. Thereafter, but on the same day, appellee made a motion to dismiss the appeal upon the ground that the concluding subdivision of appellant's statement of the case did not contain a brief statement of

the errors appellant relied upon for reversal. Counsel for appellant then filed a cross motion for leave to amend his brief and insert therein in its appropriate place a statement of his errors relied upon for reversal.

Appellee had no standing to make the motion to dismiss the appeal because she filed her brief which is equivalent to a joinder in error and by so doing waived her right to dismiss the appeal. *Finlen v. Foster*, 211 Ill. App. 609, 621 and cases there cited. *Connell v. North Town Motor Co.*, 297 Ill. App. 247. Having joined in error and both parties having submitted their controversy to the court, neither the motion of appellee to dismiss the appeal or the cross motion of appellant for leave to amend could be entertained without setting aside the order by which the cause was taken, and before appellees' motion to dismiss could be considered, she should also have obtained leave to withdraw her briefs. *Farrell v. West Chicago Park Com'rs*, 182 Ill. 250, 252.

Without any motion then, properly made, should this court, of its motion, dismiss this appeal? Under the authorities, such an order should be entered only if there was no attempt to comply with the rules of practice. This is what the Supreme Court held in *Gyure v. Sloan Valve Co.*, 367 Ill. 489. The concluding paragraph of the opinion in that case (p. 493) recognized that the order in which the brief presents the issues to an Appellate Court is not jurisdictional "but" continued the court, "on the other hand, a reviewing court may determine whether or not its rules have been substantially complied with, *and when there is no attempt to comply with them,* the appeal will not be entertained. To do so would nullify the rule. There is no attempt in this case to comply with the stated provision of rule 39." An examination of the brief filed by appellant in the *Gyure* case fully sustains the holding of the court that there was no attempt to comply

with the stated provision of rule 39 and that the court would have been compelled to follow and analyze the brief and argument of appellant in order to ascertain what the court was called upon to determine.

While in the instant case there was no attempt to literally comply with the stated portion of rule 39, yet a reading of appellant's statement (particularly the three concluding paragraphs thereof) and a consideration of his argument does inform the court of the questions which were presented to the trial court and its rulings thereon, which counsel seek to have reviewed by this court. Counsel for appellee evidently so construed it. This is evidenced by the fact that they (without any motion to dismiss the appeal as was made in the *Gyure* case) prepared and filed in this court, a 23-page brief and argument and thereby sought to meet the contentions and argument of counsel for appellant and to sustain the rulings and judgment of the trial court.

It does not necessarily follow, however, that because the brief of appellant was sufficient to apprise opposite counsel of the question involved in this appeal and of the errors relied upon by appellant for a reversal, that this court must hold that there was a substantial compliance with the rule. The manifest purpose of the rule, according to the expression of the Supreme Court in the *Gyure* case (*supra*) is to afford courts of review an opportunity to know what they are called upon to determine without being compelled to search the brief and argument to determine the issues. And the fact that in this case the search of the brief in order to determine the issues may be comparatively simple, while in other cases, the brief might not so easily disclose the issues, would not warrant the court in making an exception here.

The majority opinion proceeds upon the theory that this court could only ascertain the issues presented to this court for determination by this appeal if coun-

sel for appellant had followed the last paragraph of the statement as above set out, with something like the following:

#### ERRORS RELIED UPON FOR REVERSAL

1. The trial court erred in denying defendant's motion for an instructed verdict made at the close of the evidence offered on the part of the plaintiff.

2. The trial court erred in refusing to give to the jury a peremptory instruction to find the defendant not guilty at the close of the evidence for the plaintiff.

3. The trial court erred in denying defendant's motion for an instructed verdict made at the close of all the evidence.

4. The trial court erred in refusing to give to the jury a peremptory instruction to find the defendant not guilty at the close of all the evidence.

5. The trial court erred in denying defendant's motion for a judgment *non obstante veredicto*.

6. The trial court erred in rendering judgment on the verdict.

7. The trial court erred in not sustaining defendant's motion in arrest of judgment.

8. The trial court erred in not rendering judgment in favor of the defendant and against the plaintiff for costs.

9. The trial court erred in overruling defendant's motion for a new trial.

How much more enlightened would this court have been had the brief of appellant contained the foregoing, or something similar? Yet this court says that such a statement is absolutely necessary before it will consider the merits of any case with the result that in this case a meritorious defense is given no consideration. It is indeed a harsh and technical construction of this rule to hold that the failure of counsel to conclude their statement with a subdivision thereof containing a brief statement of the errors relied upon

for reversal precludes this court from considering the merits of a case where, from a fair consideration of appellant's brief, the court is fully advised, from other parts thereof, of the issues, the errors upon which appellant relies and which counsel argue and contend necessitates a reversal of the judgment appealed from.

I agree with the court that rules of practice have the force of law, are adopted to promote the work of the court, and aid it in the orderly and expeditious transaction of its business. I readily assent to the statement that the rules of the Supreme Court regarding the preparation of briefs are neither oppressive nor technical, that they are conducive to good practice, and should be observed. I am in accord, too, with the statement that the bar is presumed to be aware of the rules prescribed, that some logical order for the presentment of the issues to be reviewed must be observed, that it is the duty of counsel to prepare their briefs so as to present in an orderly manner, for the consideration of the reviewing court, the questions which were presented to the trial court and that this court should not be compelled to follow and analyze a brief and argument on alleged errors not properly complained of, and that it is not the duty of a court of review to search the record for the purpose of discovering errors. In this case, however, the court is not required to search the record for the purpose of discovering anything. The abstract of record prepared by appellant and the additional one prepared by appellee are accurate and sufficient for a full understanding of the questions presented for decision, and in my opinion, an examination of the brief of appellant does disclose the errors which counsel insist require a reversal of the judgment appealed from.

If it be conceded that the brief of appellant does not even substantially comply with rule 39, then it was clearly the duty of this court, in the exercise of its

discretion, following the oral argument on the day the case was submitted and after appellee's motion and appellant's cross motion had been filed, to have entered an order of its own motion, not dismissing this appeal, but vacating the order of submission and permit appellant to amend his briefs. If courts of law are to be sources of justice, and if they are to receive the respect of litigants and the bar, to which they are entitled, then the merits of controversies submitted by counsel in good faith should not be frittered away. The brief of counsel for appellant may not serve as a model, but in my opinion, the questions presented to the trial court under the pleadings and evidence, the rulings of the trial court complained of and which counsel rely upon for a reversal of the judgment against his clients sufficiently and clearly appear therefrom, and require the merits of this appeal to be passed upon by this court. I therefore respectfully dissent from the order entered by this court, of its own motion, dismissing this appeal.