---

(No. 10953.—Brief of defendant in error stricken.)
PETER ZUKAS, Defendant in Error, *vs.* THE APPLETON MANUFACTURING COMPANY, Plaintiff in Error.

*Opinion filed February 21, 1917.*

1. PRACTICE—*the Supreme Court will award writ of certiorari where Appellate Courts have taken opposite views of law.* Where different Appellate Courts of the State have taken opposite views on a question of law, the Supreme Court, when a petition for *certiorari* is presented in a case where such question is involved, will award the writ and take the case in order to determine the question.

2. SAME—*briefs couched in disrespectful and flippant language will be stricken.* Briefs couched in disrespectful and flippant language, reflecting upon opposing counsel and implying a lack of integrity of the courts, will be stricken from the files.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. C. F. IRWIN, Judge, presiding.

THOMAS C. ANGERSTEIN, (GEORGE W. ANGERSTEIN, of counsel,) for plaintiff in error.

Schuyler F. Lynn, for defendant in error.

Per Curiam: · Defendant in error was injured while employed in the foundry of the plaintiff in error. In October, 1913, on trial before a jury in the circuit court of Kane county, a judgment was recovered against plaintiff in error, which, on appeal to the Appellate Court for the Second District, was affirmed. The case was brought to this court on petition for *certiorari.*

The declaration based the right of recovery on the common law and not on statutory grounds. It is insisted by plaintiff in error that on the facts in this case recovery could only be had under the Workmen's Compensation act, and the common law action could only be maintained by plaintiff averring and proving the right to recover for injuries sustained other than those provided for under said Workmen's Compensation act and by averring and proving further that the parties were not operating under said act. This question was first raised in the Appellate Court, no reference of any kind having been made to it in the trial court. The Appellate Court held that plaintiff in error, from the record before it, should not be permitted to raise this question on appeal. The Appellate Court for the Fourth District, in two cases where the records on this point are substantially the same as, if not identical with, the record here, (*Krisman* v. *Johnston City and Big Muddy Coal and Mining Co.* 190 Ill. App. 612, and *Synkus* v. *Big Muddy Coal and Iron Co.* 190 id. 602,) held that the same question could be raised for the first time in the Appellate Court, and that the trial court was without jurisdiction in the absence of allegations in the pleadings and proofs on the trial that the defendants had elected not to come within the provisions of the Workmen's Compensation act.

Counsel for defendant in error, in his brief filed in this case, while not so stating in terms, seems to argue this point as if this court was entirely without justification in allow-

ing the writ of *certiorari* to issue in this cause to review the judgment of the Appellate Court. When different Appellate Courts of this State have reached opposite conclusions on any question of law it necessarily follows that when a petition for *certiorari* is presented to this court in any case where such a question of law is involved it is the duty of this court to grant the writ in order that it may settle the question upon which the Appellate Courts have differed. This is particularly true when the question involved is such an important one as the proper construction of the Workmen's Compensation act on the point presented in this record. This attitude of counsel, however, is not the chief fault of the brief. In many places in the statement of the case, as well as in the argument, counsel has seen fit to refer to and discuss certain questions in the most flippant manner, even if a more serious charge cannot properly be made against the wording. In one portion of the argument, counsel, after claiming that plaintiff in error consented to the jurisdiction of the court by its actions on the trial under the pleadings as worded, then states: "Plaintiff in error gained by this. Shall it now gain by claiming that the trial court had no jurisdiction? Gavon D. Burgess, late of the Supreme Court of Missouri, once fined a solicitor for using the expression 'monkeying with equity,' and we are almost constrained to risk similar punishment by denominating this as 'simianing' with the jurisdiction of the courts." If counsel has inserted this in the brief because he desired to be sarcastic to opposing counsel or facetious with the court the wording seems to be in very poor taste. If, however, we should put upon his language the meaning that seems to be plainly intended to be placed thereon, we think, to say the least, it is not only disrespectful to the opposing counsel but to the court. Counsel further states: "We suggest that the court should have taken judicial notice of the fact that the employer had filed its election with the State Bureau of Labor Statistics and had therefore rejected

the act. * * * But instead of holding that it was compelled to take judicial notice that plaintiff in error had filed a notice of rejection of the act with the labor bureau,—a holding replete with common sense and law,—the court held that it had no jurisdiction, and that, too, when plaintiff in error had been deprived of its three defenses by its rejection of the act. And we wonder why the plain people do not hold the courts in higher esteem!" Counsel has also, in several places in his brief, in effect charged opposing counsel with having intentionally made up a misleading abstract of the evidence upon certain points. In certain instances, at least, counsel does not appear to be justified in making such charges, and it does not, in view of the entire brief, lessen the effect of this charge because counsel says that opposing counsel have done this inadvertently. This brief also contains the following: "With all due deference to the court, permit us to suggest that you cannot improve on the decision of the Appellate Court. Their decision follows the reason of the law. * * * At most the pretext of lack of jurisdiction urged by the plaintiff in error is a mere 'homeless, naked, wandering technicality' and should not move a court of review to give it another chance. * * * It is high time that the law should be shorn of some of its senseless technicalities, which only work, as in this instance, to hamper, obstruct and delay the administration of justice."

It needs no further quotations or reference to specific statements in the brief to show their objectionable character. It is always a source of regret for any court to be called upon to criticise the professional conduct of a member of the bar, but, so far as we are advised, it is the practice in all courts of record that the briefs shall not contain anything that is disrespectful to the reviewing or trial court or to opposing counsel. To allow briefs containing such matter to pass without comment, cannot, in our judgment, tend to promote the administration of justice. One of the rules laid down by the American Bar Association in its

canons of ethics is, that "it is the duty of the lawyer to maintain towards the courts a respectful attitude, not for the sake of the temporary incumbent of the judicial office but for the maintenance of its supreme importance." The judge of every court is a representative of the law and should receive courtesy and respectful treatment from all court officials. (*In re Pryor,* 18 Kan. 72.) All members of the bar are officers of the court. They are sworn to assist in the administration of justice and are so intimately related therewith that any baseless criticism of the courts or of brother lawyers cannot but be most harmful. The courts of the country—the judiciary—are usually fairly representative of its civilization and peculiarly represent the learning and ideals of the legal profession. The judges are chosen from the ranks of this profession. Their ideals are its ideals. For an attorney to publicly proclaim that the people have reason to hold the courts otherwise than in high esteem, and to believe that they are hampering and obstructing rather than administering justice, is a very grave matter. Anyone reading the brief of counsel for defendant in error in this cause can reach no other conclusion than that he believes that the courts that take a view of the proper construction of the Workmen's Compensation act contrary to that which he advocates are making themselves instruments of great injustice. Of course, fair and proper criticism of the court or opposing counsel is always permissible in the presentation of any case in any court, and great latitude should always be permitted if the remarks of counsel are applicable and pertinent to the subject under inquiry and made in the proper spirit. The due administration of justice undoubtedly requires that counsel may be permitted to freely challenge, criticise and condemn all matters and things under review and in evidence, but with this privilege must go the obligation of courtesy to opposing counsel and a respectful attitude towards the court. No court claims infallibility. It is subject to error, as is every other human

agency. Judges need the aid and arguments of counsel in order to assist in reaching right conclusions, but, generally speaking, "they are earnestly laboring to administer justice; to preserve, not to destroy, rights." Counsel, either intentionally or through a mistaken sense of humor, has apparently attempted in this brief to be disrespectful to the court without making himself subject to punishment for contempt. The language is no less objectionable because preceded by the words, "with all due deference to the court." The records of this court will not be permitted to be used as a vehicle for abuse of the judge or of opposing counsel or for expressing disrespect of the courts. (*Conrad* v. *Barto,* 269 Ill. 421. See, also, on this subject, *Casper* v. *Kalt-Zimmers Manf. Co.* 150 N. W. Rep. (Wis.) 1101; *Stager* v. *Harrington,* 27 Kan. 414; *State* v. *Kennedy,* 60 Neb. 300; *State* v. *Burbridge,* 41 Fla. 450; *Green* v. *Elbert,* 137 U. S. 615; *San Diego Water Co.* v. *San Diego,* 117 Cal. 556; *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co.* v. *Muncie and Portland Traction Co.* 9 Ann. Cas. (Ind.) 165, and cases cited.) While some of these expressions or statements in·this brief, taken by themselves, might not properly be the subject of criticism, yet the entire brief, considered with its arrangement, its suggestions and its flippant style, is necessarily disrespectful to this and other courts of the State and should not be permitted to remain as a permanent record in this court.

The brief and argument of defendant in error will be stricken from the files and the cause will be continued. Defendant in error will be permitted to file, on or before the first day of the next term of this court, a brief and argument free from the defects contained in the document now on file. Counsel for plaintiff in error may thereafter file a brief in reply within the time permitted by the rules of this court, if they so desire.        *Brief stricken.*