(No. 14081.—Cause transferred.)

R. C. DARLEY, Appellant, *vs.* WILLIAM HALE THOMPSON, Mayor, *et al.* Appellees.

*Opinion filed October 22, 1921.*

APPEALS AND ERRORS—*question of validity of ordinance must be raised in trial court.* The Supreme Court cannot take jurisdiction of a direct appeal on the ground that the validity of a municipal ordinance is involved, where no question of the validity of the ordinance was raised in the trial court and where the record contains no certificate of the trial judge entitling the appellant to raise the question on the appeal.

APPEAL from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

J. K. McMAHON, for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, (CARL F. LUND, and BERTHOLD A. CRONSON, of counsel,) for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

R. C. Darley, appellant, filed his bill in the circuit court of Cook county against William Hale Thompson, mayor, Charles Fitzmorris, chief of police, and Charles Bostrom, building commissioner of the city of Chicago, to restrain them, as such officers, from revoking a building permit theretofore issued to him and from interfering with the erection by him of a certain building in any manner whatsoever, and for further relief as equity may require. The defendants appeared by counsel and filed joint and separate answers to the bill. No replication was filed to the answers. The cause was referred to Michael Feinberg, as master in chancery, to take the evidence and report his conclusions of fact. He took the evidence, reported such conclusions, and on a hearing before the court complainant's bill was dismissed for want of equity. He has prosecuted this appeal direct to this court.

Appellant charged in his bill, in substance, that he was desirous of erecting a business building upon certain premises in said city for the purpose of conducting the business in which he was engaged; that on February 14, 1921, he applied to the department of buildings of the city and obtained a permit to erect a building on the premises; that he employed the services of a contractor, who purchased all of the materials necessary to construct the building at an expense of $15,000, and on February 15, 1921, work was begun on the building and the foundation nearly completed; that on said last date, without good and valid reason, the appellees ordered the building stopped, and that since then nothing further has been done towards the erection thereof; alleges that he complied with all the laws and ordi-

nances pertaining to the erection of the building and all requirements made of him by the building commissioner, and that no good and valid reason exists why he should not proceed with the building; that appellees have threatened to revoke the building permit so issued, and he fears and believes that they will carry that threat into execution unless restrained by order of the court, and that he will suffer irreparable injury and damage if prevented from proceeding with the erection of his building. In the answer of appellees they denied that appellant complied with all the laws and ordinances pertaining to buildings of the class of appellant's; alleged that appellant's building is in a strictly residential neighborhood; that under the ordinances of the city frontage consents are required, and that no such consents were secured by appellant. They denied that the permit was revoked without notice to appellant and that there was no good and valid reason for revoking it. The cause was tried upon the issues thus made.

No question of the validity of any ordinance of the city of Chicago was raised in the trial court, and the record contains no certificate of the trial judge to entitle appellant to raise the question of the validity of any ordinance here. The validity of a statute or the construction of a constitutional provision was not involved. In this court appellant makes the contention that the ordinance in question is unconstitutional. Appellant is not entitled to raise that question or any other question not raised or presented for decision in the lower court and properly preserved for consideration in this court. It is clear that this court has no jurisdiction of this appeal, and that under section 8 of the Appellate Court act it should have been prosecuted to the Appellate Court.

The cause will be transferred to the Appellate Court for the First District.                *Cause transferred.*