(No. 24301.—▉▉▉▉▉)
Louis Gyure, Appellee, *vs.* The Sloan Valve Company *et al.* Appellants.

*Opinion filed December 17, 1937.*

Heile, Cavender, Milchrist & Kaiser, and Andrew Pettinger, for appellants.

Oreb T. Crissey, and K. B. Czarnecki, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county against the Sloan Valve Company, a corporation, for specific performance of a contract to convey certain premises in the city of Chicago to Louis Gyure, and to enjoin the West Side Hungarian Evangelical and Reformed Church from prosecuting a forcible detainer proceeding against Gyure in the municipal court of Chicago.

On May 18, 1936, Gyure entered into a verbal contract with the Sloan Valve Company for the purchase of the property at the price of $3000, payable half in cash, the balance of $1500 payable in monthly installments of $20, each, with interest payable monthly, to be secured by notes and mortgage. Gyure paid the $1500 on the same day and the Sloan Valve Company executed and delivered to him the following memorandum:

"May 18, 1936.

"Received of Louis Gyure, 4323 Carroll Avenue, the sum of Fifteen Hundred Dollars ($1500) as part of the purchase price on [description of the property] at an agreed price of three thousand dollars ($3000), with the understanding that a formal contract will be drawn up as soon as possible.

SLOAN VALVE COMPANY
T. C. Lane
Cashier."

A few days later Gyure went to the Sloan Valve Company's office for the execution of the formal contract. The testimony in his behalf shows that the representative of the valve company stated the transaction would be completed if Gyure would pay one-year's back taxes and the $1500 in cash, to which Gyure would not agree; that, finally, the company's representative stated they had changed their plans, intending to acquire the whole block and would not go through with the deal, and that Gyure later tendered the valve company three monthly installments with interest, which were refused. About four years previous to this contract Gyure rented the property from the church, en-

tered into possession at that time, and has ever since occupied the premises, paying rent to the church up to May 30, 1936. The church's suit for possession was instituted in the municipal court and was still pending at the time of the hearing in this case.

The complaint sets out the making of the verbal contract and its terms, the memorandum, the refusal of the Sloan Valve Company to complete the transaction and the institution of the suit for possession by the church. It charges the church was acting as agent of the Sloan Valve Company in collecting the rent, with knowledge of his purchase, and a conspiracy between the defendants to deprive him of his rights. The complaint does not set out the rate of interest which the unpaid purchase money was to bear, but the testimony shows it was to be at six per cent per annum. The valve company filed a motion to dismiss on the grounds, among others, that the alleged written contract is within the Statute of Frauds, and that the complaint does not state a cause of action. The motion was overruled and the valve company was defaulted. The answer of the church denies that it was a party to or had knowledge of plaintiff's purchase; alleges the renting of the premises to plaintiff and his payment to it of the rent; denies the alleged agency and the allegations of fraud and collusion. No reply to the answer was filed. The chancellor heard the cause on the merits. An appeal is prosecuted by both defendants.

Appellee has filed a motion to dismiss the appeal on the ground that this court "is without jurisdiction of the subject matter as the appellants have not filed any assignment of error or grounds for reversal as is required by the statute and rules of this court." Rule 36 provides: "No assignment of errors or cross-errors shall be necessary, except the statement in the brief, at the conclusion of the statement of the case, of the errors relied upon for reversal, as required in rule 39." Rule 39 provides, in substance, that the brief of

appellant shall contain a short and clear statement of the case, showing, among other things, the errors relied upon for reversal, and that the statement of the case shall be followed by the propositions of law and the authorities relied upon to support them. Appellant's statement of the case contains no statement of the errors relied upon for reversal. The requirements of rule 39 are not new. By long practice the generally called "brief" is divided into three parts: (1) The statement of the case, embracing the nature of the action, the nature of the pleadings, the evidence, how the issues were decided, and the errors relied upon for reversal; (2) the brief proper, consisting of the propositions of law and the authorities relied upon to support them; (3) the argument. This arrangement of the brief is the same as required by rule 39, and as formerly required by rule 15 before the adoption of the Civil Practice act.

Under the former Practice act it was necessary that the assignment of errors be written upon or attached to the record. Such assignment performed the same office as a declaration in a court of original jurisdiction, and it was equally essential to form an issue in the reviewing court. The requirement was not a mere matter of form, but was one of substance. A failure to comply with it necessitated a dismissal of the appeal. (*Ditch* v. *Sennott,* 116 Ill. 288; *Armour* v. *Pennsylvania Railroad Co.* 353 id. 575.) This requirement was eliminated by rule 36, leaving the stated provision of rule 39 as the only method of presenting an issue to a reviewing court. The importance of complying with the requirement is obvious, since without doing so an appeal is in the same condition as it would have been under the former act if no errors were assigned on the record. The requirement that the errors relied upon be placed in the statement of the case is in no way arbitrary or unreasonable. That is the logical place in a brief to make such statement. It affords a simple, easy manner of presenting the issues in terms which are in no way am-

biguous or arduous. Its manifest purpose is to afford courts of review an opportunity to know what they are called upon to determine, without being compelled to search the brief and argument to ascertain the issues. It facilitates the orderly dispatch of business and expedites the prompt administration of justice. To be compelled to follow and analyze a brief and argument on alleged errors not properly complained of would entail an unnecessary and unfruitful task upon the court, of benefit to nobody.

This court has not only the inherent power to prescribe rules of practice and procedure, but the power is expressly conferred by the statute. (Ill. Rev. Stat. 1937, chap. 110, par. 126.) Such rules, when established, have the force of law. (*People* v. *Callopy*, 358 Ill. 11; *Lancaster* v. *Waukegan and Southwestern Railway Co.* 132 id. 492.) The bar is presumed to be aware of the rules prescribed. (*Buckley* v. *Eaton*, 60 Ill. 252.) Some logical order for the presentment of the issues to be reviewed must be observed. Obviously, this must be by rule, and a substantial compliance with the rules is essential to the orderly dispatch of the business of the court. It is not the duty of the court to search the record for the matters material to the disposition of the contested issues. It is the duty of counsel to prepare such matters so as to present clearly and in an orderly manner, for the consideration of the court, the questions which were presented in the trial court. *Village of Barrington* v. *Lageschulte*, 323 Ill. 343.

The order in which the brief presents the issues is not jurisdictional, but, on the other hand, a reviewing court may determine whether or not its rules have been substantially complied with, and when there is no attempt to comply with them, the appeal will not be entertained. To do so would nullify the rule. There is no attempt in this case to comply with the stated provision of rule 39.

The appeal is, therefore, dismissed.

*Appeal dismissed.*