(No. 26648.—

ELMIRA SWAIN, Appellee, *vs.* WILLIAM HOBERG, Appellant.

*Opinion filed September 25, 1942.*

ARTHUR H. SHAY, and COURTNEY ARTHUR, (ALBERT E. JENNER, JR., of counsel,) for appellant.

H. L. RICHOLSON, and HOLLERICH & HURLEY, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This suit was instituted by appellee against appellant in the circuit court of LaSalle county to recover damages for personal injuries. The case was tried before a jury. There was a verdict in favor of appellee. After overruling motions for judgment notwithstanding the verdict, for a new trial, and in arrest of judgment, the court entered judgment on the verdict. An appeal was perfected by appellant to the Appellate Court, Second District. The court on motion of appellee dismissed the appeal because

it found that the brief filed by appellant in that court did not contain a brief statement of the errors relied upon for reversal, as the concluding subdivision of the statement of the case, as required by Rule 39 of this court.

An appeal to this court was granted by the Appellate Court. A majority of the judges of the Appellate Court certified that in their opinion the case involved a question of such importance that it should be passed upon by this court. In the certificate of importance it certified that the question involved is the construction of a portion of Rule 39 of this court.

Rule 39 of this court provides, *inter alia:* "The concluding subdivision of the statement of the case shall be a brief statement of the errors or cross-errors relied upon for a reversal or of the cross-errors submitted by an appellee not prosecuting a cross-appeal. The statement so made will be taken to be accurate and sufficient unless the opposite party shall, in his brief, point out wherein it is inaccurate or insufficient." By Rule 36(2) it is provided, "No assignment of errors or of cross-errors shall be necessary, except the statement in the brief, at the conclusion of the statement of the case, of the errors relied upon for reversal, as required in Rule 39."

The brief filed by appellant in the Appellate Court under the designation "statement of facts" set out the nature of the action and the court in which it originated. This was followed by a statement in detail of the allegations contained in each count of the complaint, and a statement of the nature of the pleas filed by the defendant. This was followed by a statement of the facts in detail, concluding with a paragraph showing the disposition of the case in the court below and the nature of the judgment from which the appeal was taken. Following the statement is what is designated as "Brief." In the brief, various points are set out in bold face type, each of which is followed by the citation of the authorities relied upon. The brief is followed

by an "Argument." The argument follows in somewhat chronological order the points set out in the brief. Each of the alleged errors of the court below are set out in the argument in bold face type, followed by a discussion of each point with the citation of authorities relied upon.

It is true that no statement of the errors relied upon appears as the concluding subdivision of the statement of the case in the brief, as required by Rule 39. Nevertheless, the errors relied upon and urged in the Appellate Court for reversal, clearly appear, both in that portion of the brief designated as "Brief" and in that portion designated as "Argument." Because of the failure of appellant to comply with the rule in this respect, the Appellate Court dismissed the appeal.

In sustaining the motion to dismiss the appeal, the Appellate Court was guided by, and followed, the opinion of this court in *Gyure* v. *Sloan Valve Co.* 367 Ill. 489. This, of course, was perfectly natural and proper. It is not the province of the Appellate Court to correct errors of this court. This court has power to make and to interpret its own rules. Such rules and the construction placed thereon by this court, are binding on this and all other courts the same as on litigants. Nevertheless, this court should not, and will not, hesitate to correct, at the earliest opportunity, an erroneous construction which it has placed on its own rules, when such error is called to its attention.

The purpose of the provision of Rule 39, requiring a statement of the errors relied upon, as the concluding paragraph of the statement of the case in the briefs, is to advise the court and counsel what the alleged errors relied upon on appeal are, and to limit the issues to the questions thus stated. This statement of errors relied upon takes the place of a formal assignment of errors which, under the former practice, was required to be written upon or attached to the record. Such assignment of errors prior to the Civil Practice act was regarded as the initial pleading of appellant in

the court of review. It was essential to the right of review in all cases. An appeal was then regarded as the institution of a new proceeding and not a continuation of the proceedings had in the court from which the appeal was taken. Under the Civil Practice act, however, this rule has been changed. An appeal is not now a new proceeding. It is a continuation of the proceedings in the court from which the appeal is taken. The requirement of the rule is not jurisdictional. It is purely a procedural requirement designed for the convenience of the court and counsel as conducive to the orderly presentation of cases and the administration of justice. Compliance with this wholesome provision of the rule is, in all cases, desirable. By such compliance attorneys render a valuable service to the court as well as to their clients. Anything said in this opinion should not be interpreted as a license to disregard the rule in any case. The rule is not arbitrary or unreasonable. Compliance with its provisions is not difficult. To dismiss the appeal in all cases for failure to comply, strictly, with the rule, in this respect, is, in our opinion, too harsh a penalty to impose on litigants for infraction of the rule. Rules are made for the purpose of promoting justice and not for the entrapment of litigants. In a case where the failure to comply with the rule makes it impossible for the court to determine the issues or questions sought to be raised and the errors relied upon, a dismissal of the appeal, or writ of error, or an affirmance *pro forma* of the judgment sought to be reviewed would be justified.

While the decision in the case of *Gyure* v. *Sloan Valve Co. supra,* was correct on the facts in that case, we decline to follow it as an arbitrary fixed rule in all cases. As pointed out by Mr. Justice Dove in his dissenting opinion in this case, the errors relied upon and the questions sought to be raised, clearly appear from an examination of the entire brief, although not contained in a formal statement as the concluding subdivision of the statement of the case,

as required by the letter of the rule. This was sufficient. In so far as the decision in the case of *Gyure* v. *Sloan Valve Co. supra,* is inconsistent with this holding that case is modified and not followed.

The judgment of the Appellate Court for the Second District, dismissing the appeal, is reversed and the cause is remanded to that court with directions to overrule the motion to dismiss the appeal and to consider the case on its merits, in due course.

*Reversed and remanded, with directions.*