(No. 31996.—

EUSEBIUS J. BIGGS, Appellant, *vs.* WALTER SPADER *et al.,* Appellees.

*Opinion filed November 27, 1951—Rehearing denied Jan. 21, 1952.*

E. J. BIGGS, of Chicago, *pro se.*

Per CURIAM: This action had its beginning in the superior court of Cook County when Eusebius J. Biggs, individually and as the assignee of the E. J. Biggs Construction Co., filed an action to foreclose a mechanic's lien together with a separate law count embracing money allegedly due for items furnished in connection with the erection of a home for Walter Spader and his wife, who were named as defendants. Biggs, who is a general contractor by profession, appears *pro se* in this court, just as he did in the trial court, and has filed a brief which is obviously of his own composition.

The appeal to this court purports to be from several orders entered by the trial court in the course of preliminary hearings on the pleadings, yet none of such orders are complained of in the errors relied upon for reversal. The errors assigned, rather, range from argumentative statements charging judges of the trial court and of the Appellate Court with prejudice and libel, to extremely vague allegations that certain court rules and provisions of the Civil Practice Act have been violated. A reading of the

brief fails to bring enlightenment as to whether there was a final and appealable order in this cause, whether there are any grounds which give this court jurisdiction on direct appeal, or whether appellant is seeking a review of the issues in the case of *Biggs* v. *Schwalge*, 341 Ill. App. 268, in which this court previously denied his petition for leave to appeal. The entire brief is presented in a manner that is ambiguous and arduous and does not present the issues sought to be determined in the orderly manner required to expedite and facilitate the administration of justice.

Rule 39 of this court (Ill. Rev. Stat. 1949, chap. 110, par. 259.39) prescribes the manner in which the briefs of litigants shall present the issues to be reviewed to this court. The brief filed by the appellant, particularly with respect to the statement of errors relied upon for reversal, falls far short of being the clear statement of his case anticipated by the rule. This court has not only the inherent power to prescribe rules of practice and procedure, but has also had that power expressly conferred upon it by statute. (Ill. Rev. Stat. 1949, chap. 110, par. 126.) Such rules, when established, have the force of law. (*Department of Finance* v. *Sheldon*, 381 Ill. 256; *Gyure* v. *Sloan Valve Co.* 367 Ill. 489.) It is obvious that some logical order for the presentment of the issues to be reviewed must be observed, and the bar, or others appearing before us, are presumed to be aware of the rules prescribed. (*Buckley* v. *Eaton*, 60 Ill. 252.) It is not the duty of this court to search the record to determine what the real issues in a contest are, nor to seek for material for the disposition of such issues. (*Village of Barrington* v. *Lageschulte*, 323 Ill. 343.) The failure to properly or informatively state the errors relied upon for reversal makes it impossible for a reviewing court to determine the issues sought to be raised and justifies dismissal of the appeal. (*Swain* v. *Hoberg*, 380 Ill. 442.) The order and manner in which a brief presents the issues is not jurisdictional, but, on the other

hand, a reviewing court may determine whether or not its rules have been substantially complied with, and when there is a failure to comply with them, the appeal will not be entertained. To do so would nullify the rule. (*Gyure* v. *Sloan Valve Co.,* 367 Ill. 489.) The appeal in the present cause must, then, be dismissed for failure to comply with the provisions of Rule 39.

Before entering the order of dismissal, we regret that we must further rule on the brief filed by appellant in this court. Appellant has obviously used his appearance in the lower court and his written argument in this court as media to give vent to a wrath which has been built up by an interminable series of litigation in which he has indulged, sometimes successfully, sometimes otherwise. His printed argument is full of contemptuous and impertinent expressions against the mentality, ability, legal knowledge and ethics of some of the judges before whom he appeared in this proceeding and in other unrelated cases. Other targets for his spleen are the Appellate Courts, opposing counsel, lawyers and newspaper reporters in general, and to some degree, by implication, the legislature of our State. The abstract filed reflects that he was guilty of like conduct in his appearances and pleadings in the lower court. Such an attitude need not be tolerated in the press of the vital and serious business matters that constantly come to the calendar of this court, nor may the records of this court be used as a vehicle for abuse of the judge, opposing counsel, or other public officials. As pointed out in *Conrad* v. *Barto,* 269 Ill. 421, "Entire freedom of criticism is allowable so far as the rulings of the court are concerned, but the argument must be based on the record, and attacks on the integrity, intelligence or motives of the judge cannot be permitted." The brief of appellant here transcends that precept of this court.

It is our duty to keep the records of this court free from scandal and vituperation. The performance of that

46

duty leaves us no alternative other than to order the brief of the appellant stricken from the files. *Conrad* v. *Barto,* 269 Ill. 421; *Zukas* v. *Appleton Mfg. Co.* 277 Ill. 87; *Green* v. *Elbert,* 137 U.S. 615, 34 L. ed. 792; *Supreme Council of the Royal Arcanum* v. *Green,* 237 U.S. 531, 59 L. ed. 1089.

The appeal is dismissed and appellant's brief is stricken from the files for the reasons heretofore stated. In entering these orders we are not unaware that the appellant, who has prosecuted this appeal *pro se,* is not a licensed attorney schooled in the practice of law. Regardless of that fact, the orderly administration of the affairs of this court necessitates that its rules and precedents be followed. We have serious doubts as to the propriety of the judgment order in this cause, which appears to have been based solely upon appellant's refusal to comply with the court's direction to employ an attorney to represent him. Appellant has, of course, a right to appear *pro se,* but when he does so he must comply with the established rules of procedure.

*Appeal dismissed; brief stricken.*