(No. 33124.—

SECURITY BANK OF MOUNT CARMEL *et al.*, Appellees, *vs.* WILLIAM S. POLLARD *et al.*, Appellants.

*Opinion filed May 24, 1954.*

PYLE & McCALLISTER, of Carmi, for appellants.

TOWNSEND & TOWNSEND, of Mount Carmel, (GEORGE M. SCHAFER, of counsel,) for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This suit was instituted in the circuit court of White County by Security Bank of Mount Carmel and three individuals as plaintiffs against William S. Pollard and Hettie Pollard, defendants, for the cancellation of a mineral deed to an undivided one-eighth interest in 146 acres in White County. The defendants appeal to this court from a decree of the circuit court cancelling and setting aside such mineral deed.

Briefly, the facts are as follows: Miles E. Dee, one of the plaintiffs, was the owner of an undivided one-eighth interest in the oil, gas and other minerals under, or that might be produced from, such 146 acres which he had previously acquired from the defendants by deed dated May 27, 1940. He conveyed all of his interest therein to Security Bank of Mount Carmel by deed dated September 25, 1951. On November 5, 1951, he conveyed an identical interest to the defendants. Oil was being produced in paying quantities from the real estate at the time of the execution of both deeds and had been producing substantially for some time prior thereto.

The deed to the bank was an outright conveyance but on the same day a letter was executed by the bank acknowledging receipt of the mineral deed, stating that the property was understood to be producing oil and that the pipeline purchaser was currently making payments for the royalty oil allocable to the one-eighth mineral interest. It agreed to deposit the proceeds of the royalty oil produced from said interest to the credit of Miles E. Dee in an account whereby no withdrawals could be made except by check signed by Miles E. Dee and joined in by either J. Roy Dee or John Dee, the other individual plaintiffs who were brothers of Miles E. Dee. The letter further provided that the bank would quitclaim the interest to whomsoever Miles E. Dee, joined by either John Dee or

J. Roy Dee, designated. The letter was indorsed accepted by all three of the Dee brothers.

Plaintiffs have filed a motion to dismiss the appeal on the ground that the defendants have not complied with Rule 39 of this court, (413 Ill. xvi,) which provides in part: "The concluding subdivision of the statement of the case shall be a brief statement of the errors or cross errors relied upon for a reversal * * *." Plaintiffs have filed their brief without prejudice to their motion.

We have carefully examined appellants' brief. The first subdivision is entitled, "Statement of Facts" and contains a recital of facts leading up to the execution of the deeds of May 27, 1940, and November 5, 1951. There is no statement as to who were plaintiffs and defendants, no recitals of the allegations of the complaint, nor of the answer and counterclaim thereto. It does not designate the court in which the cause was pending other than by reference and, in fact, does not recite the holding of the court. The next heading is designated "Brief," and no points are set out in boldface or other type but it commences with a statutory reference to trusts. (Ill. Rev. Stat. 1953, chap. 30, par. 3.) There then follows eight statements of law, each of which concerns the law of trusts and each followed by one or more citations of cases. The ninth statement alleges a violation of the law against perpetuities and the tenth is relative to the degree of drunkenness necessary to void a deed. The third subdivision of the brief is entitled "Argument" and is not further subdivided in any way. The argument portion of the brief directs attention to the facts and refers to various decisions of this and other courts. The cases discussed in the argument do not follow the sequence of the "Brief." In fact, the first two cases cited are those which followed the tenth statement of law, which concerned the degree of drunkenness. None of the errors relied upon for a reversal are set out in boldface type or otherwise separated in the argument.

The problem of the violation of Rule 39 has been before the court a number of times since the adoption of the Civil Practice Act. One of the first cases was *Gyure* v. *Sloan Valve Co.* 367 Ill. 489. We there dismissed the appeal and held that the reviewing court may determine whether its rules have been substantially complied with, and where no attempt is made to comply, the appeal will not be entertained. The seeming harshness of the *Gyure case* was modified in *Swain* v. *Hoberg,* 380 Ill. 442, where we said, "To dismiss the appeal in all cases for failure to comply, strictly, with the rule, [Rule 39] in this respect, is, in our opinion, too harsh a penalty to impose on litigants for infraction of the rule. Rules are made for the purpose of promoting justice and not for the entrapment of litigants. In a case where the failure to comply with the rule makes it impossible for the court to determine the issues or questions sought to be raised and the errors relied upon, a dismissal of the appeal, or writ of error, or an affirmance *pro forma* of the judgment sought to be reviewed would be justified."

In the *Swain case* there was no statement of the errors relied upon but the allegations of the pleadings were set forth and were concluded by a paragraph showing the disposition of the case below and the nature of the judgment. The brief was subdivided and various points were set out in boldface type, each followed by a citation of authority relied upon, and the argument followed in chronological order the points set out in the brief. Furthermore, each of the alleged errors was set out in boldface type and argument and discussion of each point was had with a citation of the authorities relied upon. As we have noted above there was no such procedure followed by the appellants here. Where we have found that the rules have been substantially complied with we have not arbitrarily dismissed an appeal. (*Kinney* v. *City of Joliet,* 411 Ill. 289;

*People ex rel. Pickerill* v. *New York Central Railroad Co.*
391 Ill. 377.) On the other hand, when we have found
that there was not substantial compliance we have not
hesitated to dismiss an appeal. *Biggs* v. *Spader,* 411 Ill. 42.

Before finally passing upon the question of whether
this appeal should be dismissed or a *pro forma* affirmance
of the decree entered, there is another question which
may be considered. The complaint, as amended, alleged
the ownership of the mineral interest, the conveyance to
the bank, the letter executed by it, that the deed was made
to the bank because of the uncontrolled use of intoxicat-
ing liquor by Miles E. Dee, that by virtue of the deed
to the bank, Miles E. Dee had no interest which he could
convey, and that Miles E. Dee was in such a condition
of drunkenness at the time of the execution of the latter
deed that he was incapable of knowing the effect of what
he was doing, and that the taking of such deed constituted
fraud upon the said Miles E. Dee. Attached to the com-
plaint as exhibits were copies of the mineral deeds by
which Miles E. Dee acquired title, the deeds in question
and the letter from the bank.

The answer and counterclaim deny generally the allega-
tions of the complaint, allege that the conveyance to the
bank was a fraud upon the defendants and assume that
the deed to said bank was in the nature of a mortgage to
defraud creditors. Appellants in their statement say that
appellees take inconsistent positions in that they first allege
that Miles E. Dee was incapable of making a deed and,
secondly, that he had executed a previous deed and had
no interest therein. They then say that their position is
that the conveyance to the bank created at most a passive
trust which left title in Miles E. Dee with the absolute
right to convey to anyone. The statement goes on to say
that the appellants filed their amended answer and counter-
claim, that they were not informed as to the purpose of

the deed and that they were under the impression that the deed to the bank was in the nature of a mortgage or for the purpose of defrauding creditors.

We find no clear allegations by appellants, in their pleadings below, of the legal questions which they bring up on appeal. They did not plead a passive trust nor did they plead a violation of the law against perpetuities, although both of those points are argued in their brief.

While it may be true, as contended by appellants, that the questions here raised were presented in briefs to the trial court, there is nothing in the record to support that contention. Appellants have wholly failed to prove the defenses raised by the pleadings, *i.e.,* that the deed to the bank was in the nature of a mortgage or was given for the purpose of defrauding creditors. After all the evidence was in, including the background of the reasons for the execution of the deed to the bank and the agreement by the latter, no attempt was made by appellants to amend their answer and counterclaim setting up the defenses which they have here raised.

We have, in repeated decisions, enunciated the rule that an appellant is not entitled to raise questions here which were not raised or presented for decision by the trial court and properly preserved upon appeal. *Darley* v. *Thompson,* 299 Ill. 122; *Bryant* v. *Lakeside Galleries, Inc.,* 402 Ill. 466; *Bowman* v. *Pettersen,* 410 Ill. 519; *Bittner* v. *Field,* 354 Ill. 215.

The failure of appellants to follow Rule 39, coupled with the divergence between their pleadings and the questions sought to be here reviewed, make it incumbent upon us to allow the decree to stand. No error in the decree of the circuit court of White County has been presented and same is affirmed.

*Decree affirmed.*