NOTICE

Decision filed 08/09/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 170112-U

NO. 5-17-0112

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| MATTHEW HESS, | ) | Wayne County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| and | ) | No. 07-D-42 |
| | ) | |
| AMBER PARKER, | ) | Honorable |
| | ) | Barry L. Vaughan, |
| Respondent-Appellee. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Boie concurred in the judgment.
Justice Cates specially concurred.

**ORDER**

¶ 1   *Held*: The circuit court's order is affirmed where petitioner's brief fails to meet the requirements set forth in Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), and petitioner fails to present a sufficiently complete record to support his claim of error.

¶ 2   The instant appeal arises from proceedings related to the dissolution of the marriage of petitioner, Matthew Hess, and respondent, Amber Parker. Petitioner filed a petition to modify child support. The circuit court entered an order modifying child support payments. Petitioner later filed a motion to reconsider, which the court denied. Petitioner appeals, arguing that the court erred by denying his motion to reconsider. We affirm.

1

¶ 3                                    I. Background

¶ 4        On May 8, 2007, petitioner filed a petition for dissolution of marriage against respondent. Petitioner alleged that the parties were married in June 2004, and that the parties shared one child, A.H. (D.O.B. September 17, 2004). Petitioner also alleged that he currently worked as a loan officer at Fidelity Mortgage in St. Louis, Missouri.

¶ 5        On June 29, 2007, respondent filed a counterpetition for dissolution of marriage, along with a motion for temporary relief seeking (1) custody of A.H. and (2) child support. As it related to child support, respondent noted that she was the primary caregiver and actual physical custodian of A.H. Respondent alleged that she was unemployed, and that petitioner was gainfully employed by Fidelity Mortgage, where he received both a salary and commission. Respondent requested that petitioner pay her a reasonable amount in temporary child support for A.H. based on petitioner's income.

¶ 6        On July 2, 2007, the circuit court entered an agreed temporary order, granting respondent temporary care, custody, and control of A.H. The parties agreed that, based on a review of petitioner's paystubs, petitioner would pay respondent child support in the amount of $200 twice monthly.

¶ 7        On April 21, 2008, the circuit court entered a judgment dissolving the parties' marriage. The court reserved ruling on all remaining issues and noted that the agreed order entered on July 2, 2007, remained in full force and effect.

¶ 8        On September 14, 2011, respondent filed a petition for rule to show cause regarding child support. She alleged that petitioner failed to make child support payments through the Wayne County circuit clerk's office, as directed by the circuit court. On November 7, 2011, petitioner filed a response to the petition for rule to show cause. The court subsequently entered a mediation

2

order. After mediation was unsuccessful, the parties prepared for a bench trial on all remaining issues.

¶ 9    Petitioner participated in a discovery deposition on June 28, 2012. He testified that he was no longer employed by Fidelity Mortgage. Instead, he worked as a loan officer for Midwest Mortgage Capital, where he originated residential mortgages for purchase and refinances. Petitioner testified that he earned approximately $2000 a month on a guaranteed salary, but he worked mainly on commission. Petitioner testified that his monthly earnings varied, but on average, he made "three to four thousand" dollars a month. Petitioner testified that he earned less income at the time of the deposition than he earned while working for Fidelity Mortgage in September of 2007. Contrary to respondent's prior assertion, petitioner testified that he was current on child support.

¶ 10    Following several agreed continuances and the withdrawal of respondent's attorney, on October 14, 2015, petitioner filed an amended financial affidavit. The amended financial affidavit indicated that petitioner's compensation program was initially modified such that he was paid the sum of $1000 semi-monthly with bonuses dependent upon mortgages written. The amended financial affidavit further indicated that petitioner's compensation program, again, changed on September 1, 2015, such that he would be paid the sum of $612 semi-monthly, and that he would continue to be awarded bonuses dependent upon mortgages written.

¶ 11    On November 2, 2015, the circuit court entered a final judgment of dissolution of marriage. Relevant to this appeal, the court awarded respondent child support in the amount of $400 per month, beginning retroactively on September 1, 2015.

¶ 12    On December 1, 2015, respondent filed a motion to reconsider the child support award. Respondent argued that a $400 per month child support obligation constituted a large deviation

3

from the support required under section 505 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/505 (West 2016)) and did not account for retroactive support contemplated by the 2007 order, based on petitioner's tax returns and gross monthly income.

¶ 13 On May 31, 2016, before the circuit court ruled on respondent's motion to reconsider, petitioner filed a petition for modification of child support. In the petition, petitioner noted various changes that occurred since the entry of the final judgment of dissolution. Specifically, petitioner alleged that his income changed from $2000 a month to $0 per month. He also alleged that he relocated to Fairfield, Illinois, from Maryland Heights, Missouri. Petitioner advised that he was terminated from his job but received unemployment. Petitioner obtained a new position where he would earn $10 per hour. Petitioner asked that the court reduce his child support obligation to $350 per month. Petitioner's petition for modification of child support was later dismissed, and petitioner refiled on July 27, 2016.

¶ 14 On June 23, 2016, the circuit court held a hearing on respondent's motion to reconsider the child support award.[1] On the date of the hearing, the court entered the following docket entry:

> "The court having reviewed the pleadings, applicable law, arguments of counsel, and the testimony in this cause finds that it was improper for the court to consider the Petitioner's Amended Financial Affidavit *** filed 10/14/15 two months after the close of evidence in this cause despite the lack of an objection filed by the Respondent in the intervening two weeks prior to the court entering judgment in this cause. The court further finds that the retroactivity of the child support amount is left to the sound discretion of the court. The terms of the 7/2/07 Agreed Temporary Order state that the $400 temporary child support award 'does not preclude the award of retroactive support or the award of additional support specifically for the period covered by this temporary order ....' It is inconceivable that the parties contemplated the temporary order being in effect for 7 years. In fact, there was no activity in the case for over 3 years after a bifurcated Judgment was entered in 2008 when a visitation dispute arose in 2011. While the evidence shows that there has been an increase in the income of Petitioner in the intervening years and that there have been discovery disputes re[garding] Petitioner's income and a lack of production by the Petitioner of paystubs and tax returns to some extent, the Respondent at trial and in her proposed Judgment only requested child support to commence on 8/12/15 per the statutory

_____

[1]The record on appeal does not contain a transcript for this hearing.

4

guidelines. In any event, it would be unjust to go back as far as 2007 to award retroactive support and in light of the proposal set forth by Respondent, this court declines to now[,] based on arguments in a posttrial motion[,] award retroactive support. The court does find that the last *** Financial Affidavit filed by Petitioner on 7/19/13 shows that Petitioner had a net income of $6321.84 on that date and thus $1264.37 is the proper amount of monthly child support that Petitioner should pay to the Respondent as of 8/12/15. Respondent's Motion to Strike *** Financial Affidavit *** is granted. Respondent's Motion to Reconsider is granted only as it relates to the child support that Petitioner shall pay to the Respondent as of 8/12/15 which is $1264.37 per month. IT IS SO ORDERED. Atty. Westwater to prepare written order. The court further notes that Petitioner filed a Petition for Modification of Child Support on 5/31/16. That Petition is set for hearing 7/26/16 9:30 a.m. Clerk to mail copy of docket entry to Pet[itioner] and Atty. Westwater."

¶ 15    On July 27, 2016, respondent filed a motion to dismiss petitioner's May 31, 2016, petition for modification of child support, alleging that petitioner did not attach a financial affidavit in compliance with the new supreme court rules, which required petitioner to attach bank statements and paystubs. The same day, the circuit court granted the motion to dismiss. Then, the same day, petitioner refiled a petition for modification of child support with the required financial affidavits. In the petition, he argued that his income changed from $2000 per month to $1600 per month. He submitted a letter with his petition asking for child support in the amount of $350 per month.

¶ 16    On December 14, 2016, the circuit court held a hearing on petitioner's motion for modification of child support. Petitioner, proceeding *pro se*, testified that his circumstances changed since the original support order was entered. Petitioner noted that his job was dependent upon the economy, where he worked in mortgage lending, and he did not make the same income as he did in 2013.[2]

¶ 17    On December 27, 2016, the circuit court entered a docketing statement order on petitioner's petition to modify child support:

"The court after reviewing the pleadings, testimony, arguments of the parties/counsel, and applicable law finds that Pet. Matthew Hess moved to Fairfield, Illinois after the 2015

---

[2]There is only a partial transcript of this hearing. The transcript of the proceeding fails to offer the court's ultimate ruling.

hearing to be closer to his son and that his employment subsequently changed thereafter such that his income is not what it was at the time of the 2015 hearing. Pet's child support obligations are modified to $350.00 per month beginning 1/1/17. Atty Westwater to prepare UOFS and Withholding Order. Clerk to mail copy of docket entry to Pet. and Atty."

¶ 18    On January 20, 2017, petitioner filed a motion to reconsider. Petitioner argued that the circuit court set child support on November 2, 2015, in the amount of $400 per month. Petitioner noted that he was terminated from his employment and filed a petition for modification of child support on May 31, 2016. Petitioner further alleged that, on June 23, 2016,[3] the court entered an order retroactively modifying support from $400 per month to $1264.37 per month as of August 12, 2015. Petitioner next alleged that, on December 27, 2016, the court ordered the monthly support amount to be modified to $350 per month, with an effective date of January 1, 2017.

¶ 19    The circuit court held a hearing on March 1, 2017, wherein a different judge heard the motion to reconsider. The judge noted that he could not make a ruling based solely on transcripts and that the previous judge was in the best position to evaluate the parties and claims. Therefore, the judge denied the motion to reconsider.

¶ 20    This appeal followed.

¶ 21                                        II. Analysis

¶ 22    On appeal, petitioner, proceeding *pro se*, argues that the circuit court erred by denying his motion to reconsider child support. Specifically, petitioner argues that enforcing a support amount of $1264.37 retroactive to 2015 causes a "severe financial burden" for him and his family. For the reasons that follow, we disagree and affirm.

---

[3]Petitioner's motion to reconsider references a June 6, 2015, order, which according to the record does not exist. Based on the facts provided in the motion to reconsider, this court assumes petitioner is referring to the June 23, 2016, order.

¶ 23    Petitioner fails to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which sets forth the requirements for appellate briefs. With respect to petitioner's brief, the rule requires, among other things, a summary statement of points and authorities relied upon, a statement of the issues presented for review, and an argument section containing the contentions of the appellant, with citations to the legal authorities and the pages of the record relied upon. Ill. S. Ct. R. 341(h) (eff. Oct. 1, 2020). A reviewing court is entitled to have the issues clearly defined and supported by pertinent authority and cohesive legal arguments, and it is neither the function nor obligation of this court to act as an advocate or search the record for error. *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009). The procedural rules governing the content and format of appellate briefs are not suggestions, they are mandatory. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 18. The fact that a party is *pro se* does not relieve that party from complying as nearly as possible to the Illinois Supreme Court rules for practice before this court. *Peeples v. Village of Johnsburg*, 403 Ill. App. 3d 333, 335 (2010). Here, petitioner's appellate brief contains no legal argument, no citation to record, and no citation to authority. As such, any argument that could have been presented is forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *Charter Bank v. Eckert*, 223 Ill. App. 3d 918, 929 (1992) ("Failure to cite relevant authority in support of a bare argument will not merit consideration of the issue on appeal.").

¶ 24    Additionally, petitioner failed to present a sufficiently complete record to support his claim of error. It has long been held that "an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Therefore, any doubts which may arise from the incompleteness of the record will be resolved against the

7

appellant. *Foutch*, 99 Ill. 2d at 392. The burden of providing a complete record on appeal is on the appellant. See *People v. Leeper*, 317 Ill. App. 3d 475, 482 (2000).

¶ 25     Transcripts of the proceedings are particularly important for judicial review where, as here, the parties face an abuse of discretion standard of review. *In re Marriage of Whitehead*, 2018 IL App (5th) 170380, ¶ 44 ("Whether a motion to reconsider should be granted is left to the sound discretion of the trial court and its decision will not be overturned absent an abuse of discretion."). We cannot review for possible abuse of discretion where this court is foreclosed from assessing the circuit court's grounds for denial. For example, the record on appeal lacks a transcript from the hearing held on June 23, 2016, wherein the circuit court granted respondent's motion to reconsider and increased petitioner's monthly child support obligation. Without the transcript, it is impossible to determine exactly what evidence was presented, or what the court ultimately considered in reaching its ruling. Moreover, the record does not include any written orders entered by the court on the motion at issue. Rather, this court is left to decipher handwritten docket entries in lieu of actual court orders.

¶ 26     Absent a complete record on appeal, we presume the circuit court's orders were entered in conformity with the law. *Foutch*, 99 Ill. 2d at 392. Consequently, we presume that the child support orders were entered in conformity with the law, and the same presumption applies to the court's order denying the motion to reconsider. Having concluded that the circuit court did not err by denying the motion to reconsider, we affirm.

¶ 27                                        III. Conclusion

¶ 28     For these reasons, we affirm the judgment of the circuit court of Wayne County.

¶ 29     Affirmed.

¶ 30     JUSTICE CATES, specially concurring:

8

¶ 31 I concur in the majority's decision to affirm the trial court's order denying the petitioner's motion to reconsider the order modifying his child support obligation prospectively. I write separately because my decision to affirm is based on entirely different reasons than those offered by my colleagues. I do not agree that the petitioner forfeited appellate review of his argument due to deficiencies in his appellate brief and his failure to present a sufficiently complete record to support his claim of error. In my view, there is a sufficient record from which to review the petitioner's claim of error on the merits. And, after considering the merits of the petitioner's claim, I conclude that the trial court did not err in denying the petitioner's motion to reconsider. Therefore, I specially concur.

¶ 32 It is well established that a litigant has the right to appear *pro se*, and that when he does so, he must comply with the applicable supreme court rules governing appellate procedure. *Biggs v. Spader*, 411 Ill. 42, 46 (1951); *Bielecki v. Painting Plus, Inc.*, 264 Ill. App. 3d 344, 354 (1994). A reviewing court is entitled to have briefs that present organized and cohesive legal arguments in accordance with the supreme court rules. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). It is also well established that the appellate court's jurisdiction to entertain an appeal is unaffected by the insufficiency of the appellant's brief so long as the reviewing court can readily ascertain and understand the issues that the appellant intends to raise. *Twardowski*, 321 Ill. App. 3d at 511; *Bielecki*, 264 Ill. App. 3d at 344. This is particularly true when the reviewing court has the benefit of a cogent brief from the other party. *Twardowski*, 321 Ill. App. 3d at 511; *Bielecki*, 264 Ill. App. 3d at 354.

¶ 33 I acknowledge that the petitioner's *pro se* brief does not meet many of the requirements of Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). The petitioner's statement of facts lacks any citation to the record and his legal argument is minimal. Nevertheless, the petitioner identified

9

the order appealed from and his claim of error. The petitioner specifically challenged the order denying his motion to reconsider the effective date of the modification of his child support obligation, and he cited some legal authorities to support his claim of error. In addition, this court has the benefit of a cogent brief from the respondent's attorney. Therefore, I do not find that the petitioner's claim of error has been forfeited.

¶ 34    I also find that the record on appeal is adequate to permit a meaningful review of the issue raised in this appeal. In commenting upon the deficiencies in the record on appeal, the majority states that transcripts of proceedings are particularly important for judicial review of issues involving a trial court's discretion. The majority then notes that the record on appeal lacks a transcript from the hearing held on June 23, 2016, wherein the trial court granted the respondent's motion to reconsider and increased the petitioner's monthly child support obligation. The majority concludes that without a transcript, it is impossible to determine exactly what evidence was presented or what the court ultimately considered in reaching its ruling. *Supra* ¶ 25. I find this conclusion and the underlying reasoning concerning for the following reasons.

¶ 35    According to the record, the respondent's December 1, 2015, motion to reconsider the amount of child support awarded in the final judgment of dissolution[4] was called for hearing on May 11, 2016. The court then issued its decision, via a docket entry, on June 23, 2016. Thus, in discussing the lack of a transcript, the majority has mistakenly referred to a transcript from June 23, 2016, when it does not appear that a hearing was held on that date. Moreover, neither the issues presented during the May 11, 2016, proceedings, nor the order of June 23, 2016, are at issue in the present appeal. Even if they were, the June 23, 2016, order contained detailed findings and the reasons for the trial court's decision. Because of the detailed findings and analysis, meaningful

---

[4]The "Final Judgment of Dissolution of Marriage" was issued November 2, 2015.

10

review of the order might have been possible without a transcript of the proceedings. See, *e.g.*, *In re Marriage of Epting*, 2012 IL App (1st) 113727, ¶¶ 36-37 (where court's written order sheds light on the court's reasons for its decision, issues raised on appeal could be considered without a transcript of the proceedings). But again, the June 23, 2016, order is not at issue here. The issue in this appeal arose from the trial court's rulings following an evidentiary hearing on December 14, 2016. According to the record, as well as a footnote[5] in the majority's order, there is a transcript, or at least a partial transcript, of the proceedings from that hearing. The record also contains the trial court's order granting the motion to modify the petitioner's child support obligation, effective January 1, 2017; the petitioner's motion to reconsider the effective date of the modification; and the order denying the motion to reconsider. The pleadings and the court orders, together with the transcript of proceedings, shed sufficient light on the issue before this court.

¶ 36    The majority also finds that the record is incomplete because it does not include any "written orders entered by the court on the motion at issue," leaving the appellate court to "decipher handwritten docket entries in lieu of actual court orders." *Supra* ¶ 25. In this case, the trial court did not require either party to prepare typewritten orders. The court prepared the orders, entered them in the court's record sheet, and directed the clerk to provide copies to the parties. The fact that the court issued orders in hand-printed entries in the record sheet, rather than freestanding, typewritten orders, does not diminish the validity of those orders or render them something other than "actual" court orders. Each order is an official and authentic decision of the trial court, expressed in words, and made public in the record sheet at the situs of the proceedings. *People ex rel. Schwartz v. Fagerholm*, 17 Ill. 2d 131, 137 (1959) (the three essential elements to render a

---

[5]Footnote 2 in the majority order provides: "There is only a partial transcript of this hearing. The transcript of the proceeding fails to offer the court's ultimate ruling." *Supra* ¶ 16 n.2.

11

judgment are that the decision be expressed publicly, in words, and at the situs of the proceedings); Ill. S. Ct. R. 272 (eff. Jan. 1, 2018) (a written judgment order is final when signed and filed with the clerk of the court). It is also worth noting that the orders are printed and legible. Accordingly, I find that the petitioner presented a sufficiently complete record of the relevant proceedings to permit a meaningful review of the specific issue raised on appeal.

¶ 37 It is important to again note that the petitioner was acting *pro se* on appeal and throughout a portion of the trial court proceedings. The Illinois Supreme Court has gone to great lengths to make sure that *pro se* litigants have their day in court. In the not-so-distant past, our supreme court also reminded us that when an appellate court panel begins review of a case, one of the panel's most important tasks is to determine which issues, if any, have been forfeited. *People v. Smith*, 228 Ill. 2d 95, 106 (2008). In my view, in balancing these objectives, reviewing courts must take a measured approach and not simply dismiss genuine efforts by *pro se* litigants to comply with the rules of appellate procedure.

¶ 38 Turning to the merits of the appeal, the petitioner claims that the trial court erred in denying his request for reconsideration of the effective date of the modified child support obligation. A trial court's decision regarding the retroactivity of child support is usually reviewed for an abuse of discretion. *In re Marriage of Schlei*, 2015 IL App (3d) 140592, ¶ 12. However, when the issue presented is one of law, and the facts and credibility of witnesses are not at issue, our review is *de novo*. *Marriage of Schlei*, 2015 IL App (3d) 140592, ¶ 12. Likewise, when a motion to reconsider is based on new evidence, arguments, or legal theories not presented in the prior proceedings, the trial court's order will be reviewed for an abuse of discretion. *Horlacher v. Cohen*, 2017 IL App (1st) 162712, ¶ 79. When a motion to reconsider is based upon a purported

misapplication of existing law, the trial court's order is reviewed *de novo*. *Horlacher*, 2017 IL App (1st) 162712, ¶ 79.

¶ 39    In this case, the petitioner filed a petition to modify child support, along with a supporting financial affidavit on July 27, 2016. The petitioner alleged that his circumstances had changed, and he asked the court to decrease the amount of his current child support from $1264.37 per month to $350 per month, retroactive to August 12, 2015. The petitioner's motion to modify was called for an evidentiary hearing on December 14, 2016. The trial court heard testimony, but did not rule on the motion that day. In an order entered on December 27, 2016, the trial court reduced the petitioner's child support obligation to $350 per month, beginning January 1, 2017, and thereby effectively denied the petitioner's request that the modification be made retroactive to August 12, 2015.

¶ 40    On January 20, 2017, the petitioner filed a motion to reconsider. The petitioner noted that the trial court entered an order on December 27, 2016, modifying his monthly support obligation to $350, effective January 1, 2017. Citing "750 ILCS 5/510(a)," the petitioner asked the court to reconsider the effective date of the modification, arguing that the respondent had "due notice" of his intention to seek a modification based upon filings on October 14, 2015, and May 31, 2016. The petitioner asked the court to "vacate that portion of the Order relating to the start date of the modified amount of January 1, 2017, and consider an effective date no earlier than October 14, 2015, and no later than May 31, 2016." The petitioner basically argued that the trial court had erred in applying existing law. He did not present new evidence or a new legal theory in the motion to reconsider. On March 1, 2017, the court, with a different judge presiding, heard arguments on the motion to reconsider, and denied it that day. The petitioner filed a timely notice of appeal. The

13

sole issue on appeal is whether the trial court erred in denying the petitioner's motion to reconsider the effective date of the modified child support obligation.

¶ 41    Section 510 of the Illinois Marriage and Dissolution of Marriage Act addresses the modification and termination provisions for maintenance and child support. 750 ILCS 5/510 (West 2016). Section 510(a) provides, "Except as otherwise provided ***, the provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to due notice by the moving party of the filing of the motion for modification." 750 ILCS 5/510(a) (West 2016).

¶ 42    Here, the petitioner filed a petition to modify his child support obligation on July 27, 2016. Therein, he requested an order reducing his child support obligation to $350 per month, retroactive to August 12, 2015. As noted, the trial court granted the petitioner's motion to reduce his monthly child support obligation, but the court specified that the modified child support obligation was prospective, beginning January 1, 2017. The petitioner filed a motion to reconsider the effective date of the modification, and requested that the court consider a date no earlier than October 14, 2015, and no later than May 31, 2016. Under the plain language of section 510(a), the filing date of the petition for modification is the earliest date to which a retroactive modification could have applied. 750 ILCS 5/510(a) (West 2016). Therefore, the trial court was without discretion to order retroactive modification of the petitioner's child support obligation to a date prior to July 27, 2016—the date the petitioner filed the petition for modification. Accordingly, the trial court did not err in denying retroactive modification as specifically requested in the petitioner's petition for modification and the motion to reconsider.

¶ 43    In the December 27, 2016, order, the trial court noted that it had reviewed the pleadings, the testimony, the parties' arguments, and the applicable law. The court had the opportunity to

14

assess the credibility of the petitioner and to consider the evidence and arguments on the issue of retroactive support during the hearing on December 14, 2016. According to the respondent, during that hearing, the trial court expressed some frustration with the petitioner's prior failure to pay child support in the amount ordered by the court and to assist the respondent with the child's medical bills. The trial court apparently determined that it would be unreasonable or unjust to make a retroactive, downward modification of child support. In ruling on the petitioner's motion to reconsider, the successor judge found that the prior judge "intended the effective date to be prospective 1-1-17 rather than retroactive to the date of filing petition." The successor judge was not persuaded to depart from his predecessor's "plain docket entry." Based upon this record, I cannot find that the trial court abused its discretion in denying the petitioner's motion to reconsider the prospective modification of petitioner's child support obligation. Therefore, I agree with the majority's decision to affirm the trial court's order denying the petitioner's motion to reconsider, albeit for different reasons. Accordingly, I specially concur.